**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Jody Lynn Ward, Appellant.

Appellate Case No. 2018-000402

Appeal From Georgetown County
Larry B. Hyman, Jr., Circuit Court Judge,

Unpublished Opinion No. 2021-UP-184
Submitted April 1, 2021 – Filed May 19, 2021

**AFFIRMED**

Tristan Michael Shaffer, of Chapin, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Caroline Scranton, all of Columbia, for Respondent.

**PER CURIAM:** Jody Lynn Ward appeals his double homicide conviction and concurrent sentences of life imprisonment. On appeal, Ward argues the circuit court erred in denying his motion for a new trial based on after-discovered

evidence.  He alleges a juror intentionally withheld the fact she was the second cousin, by marriage, of a State's witness.  Ultimately, Ward asserts this information constitutes after-discovered evidence because it was not discoverable at the time of trial.

We find the circuit court did not abuse its discretion in denying Ward's motion for a new trial based on after-discovered evidence.  The State provided Ward with a list of potential witnesses during voir dire in March 2004.  At that time, the relationship between the juror and the witness could have been ascertained by the exercise of reasonable diligence.  Ward did not file his motion for a new trial based on after-discovered evidence until October 30, 2014, almost a decade after Ward was on notice that the juror and the witness shared a common last name.  Accordingly, we affirm pursuant to Rule 220(b) of the South Carolina Appellate Court Rules, and the following authorities: *State v. Mercer*, 381 S.C. 149, 166, 672 S.E.2d 556, 565 (2009) ("The decision whether to grant a new trial rests within the sound discretion of the trial court, and [an appellate court] will not disturb the trial court's decision absent an abuse of discretion."); *id.* at 167, 672 S.E.2d at 565 ("The deferential standard of review constrains [this court] to affirm the trial court if reasonably supported by the evidence."); Rule 29(b), SCRCrimP ("A motion for a new trial based on after-discovered evidence must be made within one year after the date of actual discovery of the evidence by the defendant or after the date when the evidence could have been ascertained by the exercise of reasonable diligence.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.